UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TROY HENLEY,

    Petitioner,

v.                                        Case No: 5:20-cv-251-Oc-39PRL

WARDEN, FCC COLEMEN – USP I,

    Respondent.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this case by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, Orlando Division (Doc. 1; Pet.).[1] The Orlando Division transferred the case to this Court because Petitioner is confined at Coleman Federal Correctional Complex, which is in this division. See Order (Doc. 2).

Petitioner challenges his 2008 conviction and sentence out of the District of Maryland. See Pet. at 2. Petitioner contends he has sought collateral review of his 2008 conviction twice under 28 U.S.C. § 2255. See Pet. at 3-4. His original petition was denied in 2012. Id. at 3. Petitioner thereafter received permission to

---

[1] Petitioner did not file his petition using the Court-approved form, but Petitioner provides enough information for the Court to assess the viability of his claims.

file a second or successive petition, which was denied last year. Id. at 4. He now seeks to invoke 2255's saving clause to attack the same conviction under § 2241. Id. at 4-5. Petitioner asserts a remedy under § 2255 is inadequate or ineffective because the Supreme Court has recently held unconstitutional 18 U.S.C. § 924(c)(3)(B), under which Petitioner contends his sentence was enhanced for having committed a "crime of violence."[2] Id. at 1, 6 (citing United States v. Davis, 139 S. Ct. 2319, 2336 (2019)). As relief, Petitioner requests the Court void two counts of his conviction and sentence. Id. at 7.

A motion to vacate under 28 U.S.C. § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir.) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). The Eleventh Circuit now makes clear that only under limited circumstances does § 2255's saving clause allow a federal prisoner to seek relief under § 2241. McCarthan, 851 F.3d at 1090. The saving clause applies only under three narrow circumstances:

---

[2] The Court accepts Petitioner's assertions as true for purposes of this Order.

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93).

Accordingly, if a petitioner could have brought his claims in a § 2255 motion, even if those claims would have been foreclosed by binding precedent, the remedy is adequate and effective. McCarthan, 851 F.3d at 1086, 1090 (holding petitioner's remedy under § 2255 was "adequate and effective to test the legality of his detention" because he filed a petition challenging his sentence, which "he could have brought in a motion to vacate").

A federal prisoner may not invoke the saving clause to challenge his conviction based on an intervening change in the law. Id. at 1085. Indeed, in McCarthan, that was precisely what the petitioner sought to do, and the Eleventh Circuit held, "a change in caselaw does not trigger relief under the saving clause." Id. See also Nipper v. Warden, FCC Coleman-Medium, 688 F. App'x 851, 852 (11th Cir. 2017) ("The saving[] clause does not apply to claims based on new rules of constitutional law."). When an intervening change in the law makes a prior conviction invalid, and the prisoner has already collaterally attacked his conviction

3

under § 2255, the proper course is to seek permission to file a second or successive petition under § 2255(h)(2). Id.

Petitioner is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present here. For example, Petitioner does not challenge the execution of his sentence, he does not assert the sentencing court is unavailable, and his sentence was not imposed by multiple courts. See Bernard, 686 F. App'x at 730-31. Instead, Petitioner argues a change in the law permits him to advance a claim for relief that was previously unavailable to him. If such is the case, Petitioner should move to file a second or successive petition under § 2255 in the appropriate court.[3] See Strouse v. Warden, USP Coleman II, 777 F. App'x 468, 468 (11th Cir. 2019) ("A prisoner cannot utilize the saving clause as a means to circumvent . . . 'the process for obtaining permission to file a second or successive' § 2255 motion.") (citing McCarthan, 851 F.3d at 1091).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

---

[3] The Court does not hypothesize whether such a motion would succeed.

4

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Troy Henley